UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JHOANA JUCA and VICTOR ARTEAGA, *individually and as parents and natural guardians of K.A.*; DONNA CORNETT and JOHN BURGESS, *individually and as parents and natural guardians of J.B.*; EILEEN MENDEZ, *individually and as parent and natural guardian of A.C.*; NEYSHA CRUZ, *individually and as parent and natural guardian of O.F.*; ALEXANDRA VERA-FIALLOS, *individually and as parent and natural guardian of L.F.*; SHANNON THOMASON and VINNIE PENNA, *individually and as parents and natural guardians of E.P.*,

    Plaintiffs,

– against –

RICHARD CARRANZA, *in his official capacity as the chancellor of the New York City Department of Education*, and the NEW YORK CITY DEPARTMENT OF EDUCATION,

    Defendants.

**ORDER**

19 Civ. 9427 (ER)

---

Ramos, D.J.:

Plaintiffs, parents of children who have been classified as disabled pursuant to the Individuals with Disabilities Education Act (the "IDEA"), 20 U.S.C. §§ 1400 *et seq.*, bring this action against Richard Carranza, the Chancellor of the New York City Department of Education ("DOE"), and DOE seeking funding for private school tuition and transportation services. Doc. 7. At oral argument on October 18, 2019, the Court denied Plaintiffs' application for a preliminary injunction. Minute Entry for Oct. 18, 2019. DOE represented that pendency was not contested with respect to five of the students and that payment for their services had already

been or would imminently be made. As for the sixth student, K.A., DOE represented that it disputed the pendency placement; however, the record reflected that the student was receiving services in her pendency placement of choice without risk of discontinuation or interruption. Doc. 24 at 12–18.

Before the Court is Plaintiffs' motion for reconsideration, filed on October 25, 2019. Doc. 14. For the reasons stated below, the motion is DENIED.

I. **LEGAL STANDARD**

Plaintiffs move for reconsideration under Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3.

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." A motion to alter a judgment under Rule 59(e) "may be granted 'only if the movant satisfies the heavy burden of demonstrating an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*, 10 F. Supp. 3d 460, 475 (S.D.N.Y. 2014) (quoting *Hollander v. Members of the Bd. of Regents of the Univ. of the State of N.Y.*, 524 F. App'x 727, 729 (2d Cir. 2013)). The Second Circuit has noted that it is "well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citation omitted).

Rule 6.3 of the Local Civil Rules for this District provides for reconsideration of a court's order on a motion only where the court has overlooked controlling decisions of law or factual matters that were "put before it on the underlying motion . . . and which, had they been

considered, might have reasonably altered the result before the court." *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) (quoting *Greenwald v. Orb Commc'ns & Mktg., Inc.*, No. 00 Civ. 1939 (LTS), 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003)); see also S.D.N.Y. Local Civ. R. 6.3. Under such circumstances, a motion for reconsideration may be granted "to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks and citation omitted). Local Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Mikol*, 554 F. Supp. 2d at 500 (internal quotation marks omitted) (quoting *Dellefave v. Access Temps., Inc.*, No. 99 Civ. 6098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001)).

"The standards for relief" under Rule 59(e) are "identical" to those for motions for reconsideration under Local Civil Rule 6.3. *See Ramirez v. United States*, Nos. 05 Civ. 4179 (SAS), 07 Civ. 459 (SAS), 2013 WL 247792, at *1 (S.D.N.Y. Jan. 22, 2013) (internal quotation marks and citation omitted). "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). "Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Mikol*, 554 F. Supp. 2d at 500 (S.D.N.Y. 2008) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

Whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753 (KBF), 2012 WL

2878085, at *1 (S.D.N.Y. Jul. 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)). Under the strict standard applied by courts in this Circuit, "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257 (citation omitted).

## II. DISCUSSION

Plaintiffs argue that reconsideration is appropriate on two grounds: (1) the Court erred by failing to address DOE's efforts to delay its funding obligations; and (2) there has been a change in facts regarding K.A. Doc. 15. The Court considers each of these arguments in turn.

First, Plaintiffs argue that pendency has the effect of an automatic injunction and, as such, must be immediately implemented. They posit that—even though the students in this case are currently in their preferred pendency placement without any alleged risk of an interruption in services, and even though DOE has already made most, if not all, of the payments in question—their statutory right to pendency is threatened by DOE's purported "policy" of requiring a pendency hearing and an order on pendency before funding placements. This argument was previously raised in Plaintiffs' motion for a preliminary injunction and at oral argument. Doc. 9 at 5–7; Doc. 24 at 7. It was considered—and rejected—by the Court. A motion for reconsideration is not "a substitute for appeal," *Boart Longyear Ltd. v. All. Indus., Inc.*, 869 F. Supp. 2d 407, 418 (S.D.N.Y. 2012) (citation omitted), nor is it a vehicle for a party dissatisfied with the Court's ruling to voice its disagreement with the decision, *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 512–13 (S.D.N.Y. 2009). "Courts have repeatedly been forced to warn litigants that such motions should not be made reflexively to reargue those issues already considered when a party does not like the way the original motion was resolved." *Boart*

4

*Longyear Ltd.*, 869 F. Supp. 2d at 418 (internal quotation marks and citation omitted). Plaintiffs' rehashing of previously-raised arguments cannot constitute grounds for reconsideration.

Second, Plaintiffs argue that the changed circumstances regarding K.A.'s pendency warrant reconsideration. Specifically, they question the DOE's decision to no longer contest pendency for K.A. This argument also fails to provide a basis for reconsideration. As an initial matter, the change in position regarding K.A. took place after the Court's October 18, 2019 Order, meaning that it was not information that the Court overlooked or newly discovered evidence that existed at the time of the decision. Independently of this, the Court fails to see how this change in position disadvantages K.A. or otherwise makes a preliminary injunction appropriate. Plaintiffs argue that "[d]ue to the change in facts regarding K.A. *within two hours* of this Court's previous order, as referenced above, this policy is currently precluding implementation of this Student's automatic right to funding through pendency[.]" Doc. 15 at 8 (emphasis in the original). Yet Plaintiffs make no assertions that DOE will not retroactively fund the pendency, or that the student's services are in any way being threatened. Indeed, it appears as if the matter is on the path towards favorable resolution for K.A. There is therefore no "manifest injustice" that would be avoided by the Court's reconsideration.

### III. CONCLUSION

For the foregoing reasons, the application is DENIED. The Clerk of Court is respectfully directed to terminate the motions, Docs. 4, 14.

SO ORDERED.

Dated: December 16, 2019
New York, New York

_____
Edgardo Ramos, U.S.D.J.