UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JHOANA JUCA and VICTOR ARTEAGA, *as Parents and Natural Guardians of K.A. and Individually*, et al.,

                Plaintiffs,

– against –

RICHARD CARRANZA, *in his official capacity as the Chancellor of the New York City Department of Education,* and the NEW YORK CITY DEPARTMENT OF EDUCATION,

                Defendants.

**OPINION & ORDER**

19 Civ. 9427 (ER)

RAMOS, D.J.:

    Plaintiffs are seven schoolchildren and their parents and natural guardians; all seven of the schoolchildren attend the same private school, the International Institute for the Brain ("iBrain"). Plaintiffs obtained administrative orders or agreements to pay for educational services pursuant to the Individuals with Disabilities Education Act ("IDEA"). In the instant case, they allege that Defendants Richard Carranza and the New York City Department of Education (collectively, "the Department") failed to pay for those services, and seek to enforce payment for the Department's obligations.

    Pending before the Court is the Department's motion to dismiss the Amended Complaint and Plaintiffs' motion for attorney's fees and costs. *See* Docs. 39 and 51. For the following reasons, the Department's motion is GRANTED and Plaintiff's motion is DENIED.

**I.    BACKGROUND**

    **A. Factual Background**

    Plaintiffs' children acquired brain injuries, leaving them with severe learning disabilities. Doc. 20 ¶¶ 7, 21, 30, 39, 48, 58, 68. To address their children's learning

needs, Plaintiffs brought due process complaints pursuant to the IDEA, seeking funding so that their children could attend iBrain during the 2019-2020 school year. *Id.* ¶¶ 9, 26, 32, 41, 53, 60, 70. Specifically, Plaintiffs sought funding for tuition, special transportation services, nursing services, and other related services. *Id.* ¶¶ 19, 26, 36, 41, 52–53, 60, 70. For five of the children, the impartial hearing officers presiding over their administrative hearings issued orders providing them funding during the pendency of their due process complaints. *Id.* ¶¶ 25 (J.B.), 35–36 (A.C.), 43–45 (O.F.), 55 (L.F.), 65 (E.P.). The Department agreed to fund one of the other children's educational services, but the Amended Complaint does not state whether that agreement was incorporated into an impartial hearing officer's order. *See id.* ¶ 74 (W.R.).

However, for Plaintiff K.A., the Department initially contested paying tuition and transportation costs for the duration of her due process complaint. *Id.* ¶ 16. While initially not contesting funding services during the pendency of that proceeding, *id.* ¶ 15, the Department subsequently refused to agree to an order to provide funding for the 2019-2020 school year, and a preliminary hearing on the matter was held on September 26, 2019. *Id.* ¶¶ 16–18. On October 18, 2019, the Department agreed by email to award K.A. funding for tuition at iBrain and related services until the completion of the due process proceeding. Doc. 15-1 at 2–3; *see also* Doc. 19.

At the time Plaintiffs filed the operative complaint, they alleged that the Department had failed to pay for tuition and services for the months of July through November 2019, though the specific months varied by child. *See* Doc. 20 ¶¶ 19, 28, 37, 46, 56, 66, 75. However, Plaintiffs now concede that the Department has paid for all of the services that were originally in dispute and that their children's education at iBrain was not interrupted due to any purported delay in payments. *See* Doc. 44 at 2–3.

**B. Procedural History**

Six of the seven families brought this suit on October 11, 2019, alleging that the Department failed to pay its obligations under the IDEA. Doc. 1. Plaintiffs subsequently

amended their complaint on November 7, 2019, adding one more family.  Doc. 20.  On April 6, 2020, the Department moved to dismiss Plaintiffs' Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1]  Doc. 39.  On May 19, 2020, Plaintiffs filed a motion seeking attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3) and Federal Rule of Civil Procedure 54(d).[2]  Doc. 47; Doc. 51.

## II.     MOTION TO DISMISS

### A. Legal Standard

Under Rule 12(b)(1), a party may move to dismiss a complaint for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  "Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper 'when the district court lacks the statutory or constitutional power to adjudicate it.'"  *Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cr. 2009) (per curiam) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).  A lack of standing constitutes a jurisdictional defect and "may be addressed through a Rule 12(b)(1) motion."  *Lyons v. Litton Loan Servicing LP*, 158 F. Supp. 3d 211, 218 (S.D.N.Y. 2016).  Likewise, "[w]hen a case becomes moot, the federal courts lack subject matter jurisdiction over the action," and the Court must dismiss it.  *Doyle v. Midland Credit Management, Inc.*, 722 F.3d 79, 80 (2d Cir. 2013) (quoting *Fox v. Bd. of Trs. of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994)).

In asserting a challenge pursuant to Rule 12(b)(1), a defendant may proffer evidence beyond the complaint and its exhibits.  *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016).  In opposing such a motion, a plaintiff must put forward her own evidence to controvert the evidence presented by the defendant, or the plaintiff may instead rely on allegations in her pleading if the defendant's proffered evidence "is

---

[1] Because the Court concludes that Plaintiffs' claim must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction, the Court does not evaluate whether Plaintiffs failed to state a claim pursuant to Rule 12(b)(6).

[2] In their Amended Complaint, Plaintiffs also asserted that they were entitled to attorney's fees and costs pursuant to 42 U.S.C. § 1988.  Doc. 20 ¶ 5.  However, Plaintiffs did not assert 42 U.S.C. § 1988 as a basis for attorney's fees and costs in their motion, so the Court does not address it here.

immaterial because it does not contradict plausible allegations that are themselves sufficient to show standing." *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 119 (2d Cir. 2017) (quotation omitted). "If a defendant supports [its] fact-based Rule 12(b)(1) motion with 'material and controverted' 'extrinsic evidence,' a 'district court will need to make findings of fact in aid of its decision as to subject matter jurisdiction.'" *Nicholas v. Trump*, 433 F. Supp. 3d 581, 587 (S.D.N.Y. 2020) (quoting *Carter*, 822 F.3d at 57).

In assessing whether a case is moot, a court "must examine all the facts and circumstances." *Etuk v. Slattery*, 936 F.2d 1433, 1441 (2d Cir. 1991). The party who seeks to have the case dismissed as moot "bears the burden of demonstrating mootness and that burden is a heavy one." *Chen-Oster v. Goldman, Sachs & Co.*, 251 F. Supp. 3d 579, 590 (S.D.N.Y. 2017) (quotation omitted).

### B. Analysis

The Department argues that Plaintiffs lack standing because they no longer suffer the injury in fact that they alleged in their Amended Complaint, as the schoolchildren's educational services have been fully funded and were not disrupted during this proceeding. Article III of the Constitution limits the federal courts' subject matter jurisdiction "to the resolution of 'Cases' and 'Controversies.'" *Dhinsa v. Krueger*, 917 F.3d 70, 77 (2d Cir. 2019) (quoting U.S. Const. art. III, § 2). Emerging from Article III, the standing doctrine "imposes three requirements: '[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *SM Kids, LLC v. Google LLC*, 963 F.3d 206, 211 (2d Cir. 2020) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)). Generally, standing is "determined when the complaint is filed." *Chen-Oster*, 251 F. Supp. 3d at 589 (citing *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 175 (2000)). There is no dispute that, at the time they filed their Amended Complaint, Plaintiffs alleged an injury in fact—namely, a lack of funding for their children's educational services—and thus had standing.

Still, "[w]hile the standing doctrine evaluates a litigant's personal stake at the onset of a case, the mootness doctrine ensures that the litigant's interest in the outcome continues throughout the life of the lawsuit." *Id.* (quoting *Comer v. Cisneros*, 37 F.3d 775, 797–98 (2d Cir. 1994)). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)). Plaintiffs now concede that they have received "all of the relief they sought through this litigation" and "agree with [the Department] that there are no remaining legal issues set forth in the Amended Complaint for the Court to resolve." Doc. 44 at 3. Because Plaintiffs have now received all the relief they sought, and no longer suffer an injury as a result, there is "no longer a 'Case' or 'Controversy,'" and Plaintiffs' suit is moot. *Already, LLC*, 568 U.S. at 91. Accordingly, the Court lacks subject matter jurisdiction over Plaintiffs' claim. *Doyle*, 722 F.3d at 80.

Plaintiffs argue that there remains a case or controversy because they seek attorney's fees and costs in connection with their representation before this Court. However, "fee shifting provisions cannot themselves confer subject matter jurisdiction" where the Court lacks jurisdiction to adjudicate the underlying claim. *W.G. v. Senatore*, 18 F.3d 60, 64 (2d Cir. 1994). As such, Plaintiffs' request for attorney's fees and costs does not provide the Court with subject matter jurisdiction over their underlying claim. *See id.* Because the Court lacks subject matter jurisdiction over Plaintiffs' underlying claim, it must dismiss that claim pursuant to Rule 12(b)(1).[3] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); *see also Doyle*, 722 F.3d at 80.

---

[3] The Department specifically asserted lack of standing—not mootness—as a basis for dismissal under Rule 12(b)(1), but it did argue that the Court lacks subject matter jurisdiction because there is no longer a case or controversy for the Court to resolve. Doc. 41 at 10. That argument sounds in mootness. *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013). Further, "[w]hen a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or

## III.   MOTION FOR ATTORNEY'S FEES AND COSTS

### A. Legal Standard

In any action brought under the IDEA, a court may award reasonable attorney's fees "to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3). Similarly, Rule 54(d) provides that litigation costs other than attorney's fees "should be allowed to the prevailing party" in a suit. Fed. R. Civ. P. 54(d)(1). In considering a claim for attorney's fees under the IDEA or costs under Rule 54(d), the Court must first determine whether the party seeking an award is a "prevailing party." *Mr. L. v. Sloan*, 449 F.3d 405, 407 (2d Cir. 2006); *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 100–02 (2d Cir. 2006). Only then can the Court exercise its discretion in determining whether the prevailing party is entitled to attorney's fees and costs. *Mr. L.*, 449 F.3d at 407; *Dattner*, 458 F.3d at 100–02.

This Circuit has concluded "that Congress intended the term 'prevailing party' to be construed consistently under the IDEA and other fee-shifting statutes," *J.C. v. Reg'l Sch. Dist. 10, Bd. of Educ.*, 278 F.3d 119, 124 (2d Cir. 2002), and that same standard applies to "prevailing party" status for the purpose of awarding costs under Rule 54(d), *Dattner*, 458 F.3d at 101–02. Under this standard, a "prevailing party" is a party "who has favorably effected a 'material alteration of the legal relationship of the parties' by court order." *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 102 (2d Cir. 2009) (quoting *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Hum. Res.*, 532 U.S. 598, 604 (2001)); *see also J.C.*, 278 F.3d at 123–25 (noting that securing a judgment on the merits or incorporating a settlement agreement through a court decree renders an individual a prevailing party under the IDEA). Further, this Circuit has also held that "a winning party in an IDEA administrative proceeding" qualifies as "a 'prevailing party'

---

have not presented." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *see also Gosain v. Texplas India Priv. Ltd.*, 393 F. Supp. 3d 368, 374 (S.D.N.Y. 2019). As such, the Court may dismiss an action "on its own initiative" pursuant to Rule 12(b)(1). *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). Thus, regardless of whether the Department properly raised mootness as a basis for dismissing this suit, the Court may dismiss the suit on its own initiative here.

under *Buckhannon*'s principles," and that administrative consent decrees likewise "create a material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees." *Mr. L.*, 449 F.3d at 407.  The "prevailing party" standard should be interpreted generously, and courts should grant an award of attorney's fees and costs when a party succeeds on any significant issue in litigation that achieves some of the benefit that the parties sought in bringing the suit. *G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.*, 894 F. Supp. 2d 415, 424 (S.D.N.Y. 2012).  Indeed, this Circuit has noted that "the entry of an enforceable judgment, such as a stay or preliminary injunction, may permit the district court to confer prevailing-party status on the plaintiff notwithstanding the absence of a final judgment on the underlying claim." *Garcia*, 561 F.3d at 102. However, "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change" if it lacks a court or administrative order.  *See A.R. ex rel. R.V. v. N.Y.C. Dep't of Educ.*, 407 F.3d 65, 74 (2d Cir. 2005) (quoting *Buckhannon*, 532 U.S. at 605); *see also B.W. ex rel. K.S. v. N.Y.C. Dep't of Educ.*, 716 F. Supp. 2d 336, 344 (S.D.N.Y. 2010).  As such, if a party changes its behavior to conform with the other party's requested relief without a court or administrative order, that other party does not qualify as a "prevailing party" under the IDEA or Rule 54(d). *See A.R*, 407 F.3d at 74; *Dattner*, 458 F.3d at 101–02.

### B. Analysis

#### 1. Jurisdiction Over Motion for Attorney's Fees and Costs

As an initial matter, the Court must determine whether it has jurisdiction to review Plaintiffs' motion for attorney's fees and costs in light of the mootness of Plaintiffs' underlying claim.  Of course, when a district court has subject matter jurisdiction over underlying claims, it retains ancillary jurisdiction after dismissal to resolve collateral matters such as attorney's fees and costs.  *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004); *see also Maliarakis v. N.Y.C. Dep't of Educ.*, No.

14 Civ. 6088 (RA), 2019 WL 2269857, at *2 (S.D.N.Y. May 28, 2019).  But here, the Court lacks subject matter jurisdiction over Plaintiffs' underlying claim.  Although neither party discusses whether the Court has jurisdiction to consider Plaintiffs' collateral motion, the Court can and must consider this threshold matter.  *See McGinty v. New York*, 251 F.3d 84, 90 (2d Cir. 2001).

The Court concludes that it has jurisdiction to determine whether Plaintiffs are entitled to an award of attorney's fees under the IDEA and costs under Rule 54(d). Although the Second Circuit has stated broadly that courts "lack jurisdiction to award attorney's fees" where they "lack subject matter jurisdiction" over the underlying claim, *id.* at 100; *see also Castillo Grand, LLC v. Sheraton Operating Corp.*, 719 F.3d 120, 123 (2d Cir. 2013); *W.G.*, 18 F.3d at 64, it has also emphasized that "[a] determination of mootness neither precludes nor is precluded by an award of attorneys' fees," *Haley v. Pataki*, 106 F.3d 478, 483–84 (2d Cir. 1997) (quoting *LaRouche v. Kezer*, 20 F.3d 68, 75 (2d Cir. 1994)); *see also Associated Gen. Contractors of Conn., Inc. v. City of New Haven*, 41 F.3d 62, 68 (2d Cir. 1994), and has remanded cases back to the district court to determine attorney's fees when a claim has been rendered moot during the course of litigation, *see LaRouche*, 20 F.3d at 75; *Associated Gen. Contractors of Conn., Inc.*, 41 F.3d at 68; *see also Buckhannon*, 532 U.S. at 601–02 (evaluating merits of a request for attorney's fees where underlying claim has been mooted).  Because Plaintiffs' claim was mooted during the course of litigation, the Court may award fees and costs if Plaintiffs are "prevailing parties."

*2. Prevailing Party Status*

Plaintiffs argue that they are prevailing parties because the Department paid for the schoolchildren's educational services as a result of Plaintiffs bringing the instant suit. However, the Court has issued no orders or judgment in Plaintiffs' favor, so there has been no "material alteration of the legal relationship of the parties" because of an order from this Court.  *Garcia*, 561 F.3d at 102 (quoting *Buckhannon*, 532 U.S. at 604).

8

Instead, the Department presumably simply chose to fulfill its financial obligations after Plaintiffs brought this suit. Although accomplishing what Plaintiffs sought to achieve in this suit, the Department's voluntary change in conduct lacks the necessary judicial imprimatur to render them prevailing parties. *See A.R.*, 407 F.3d at 74–75. Accordingly, Plaintiffs are not prevailing parties under the IDEA or Rule 54(d).

Plaintiffs also argue that they are prevailing parties because they obtained administrative orders requiring the Department to comply with and fund students' individual pendency services, and therefore are entitled to their requested fees and costs here. Plaintiffs are correct that a district court may award attorney's fees to a party who prevailed in an IDEA administrative proceeding. 20 U.S.C. § 1415(i)(3); *see also Mr. L.*, 449 F.3d at 407. However, Plaintiffs do not seek attorney's fees and costs in connection with the underlying administrative proceedings; instead, they seek fees and costs in connection with the instant suit only. *See* Doc. 52-1 (listing work done for filings and hearings before this Court—not the underlying administrative proceedings). Although the orders from the administrative hearings may have rendered the Plaintiffs prevailing parties as to those hearings, the instant suit is a separate proceeding and, as noted above, has afforded Plaintiffs no additional judicially sanctioned relief. *See O'Shea v. Bd. of Educ. of Poughkeepsie City Sch. Dist.*, 521 F. Supp. 2d 284, 290–91 (S.D.N.Y. 2007). Because Plaintiffs are not entitled to attorney's fees and costs in connection with the instant suit, the Court declines to award Plaintiffs attorney's fees and costs.

## IV. CONCLUSION

For the foregoing reasons, the Department's motion to dismiss Plaintiffs' Amended Complaint is GRANTED, and Plaintiffs' motion for attorney's fees and costs is DENIED. The Clerk of Court is respectfully directed to terminate the motions, *see* Docs. 39 and 51, and close the case.

It is SO ORDERED.

Dated:   October 26, 2020
         New York, New York

_____
EDGARDO RAMOS, U.S.D.J.